# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  25-cv-01097-STV

BERKLEY INSURANCE COMPANY a/s/o
LUKE SIMPSON and BROOKE SIMPSON,

        Plaintiff,

v.

UPONOR, INC.

        Defendant.

---

## UPONOR, INC.'S ANSWER AND JURY DEMAND

---

Defendant, Uponor, Inc. ("Uponor"), by and through undersigned counsel, and for its Answer and Jury Demand to Plaintiff's Complaint states as follows:

### PARTIES

1.     Berkley Insurance Company ("Berkley") is a Delaware corporation, with its principal place of business located at 475 Steamboat Road, Greenwich, Connecticut 06830.  At all times relevant, Berkley was in the business of providing insurance products to the public, including individuals and businesses in the State of Colorado.

**ANSWER:**     Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 1; and therefore, denies same and demands strict proof thereof.

2.     Luke Simpson and Brooke Simpson (hereinafter "the Simpsons") are residents of the State of Colorado, and own the property, and reside, at 381 N. Franklin Street, Denver, Colorado 80218 (the "Subject Property").

1

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 2; and therefore, denies same and demands strict proof thereof.

3.    Defendant Uponor, Inc. ("Uponor") is a Minnesota Corporation with a principal place of business located at 5925 148th St W, Apple Valley, Minnesota 55124.

**ANSWER:**    Uponor admits its principal place of business is at 5925 148th St W, Apple Valley, Minnesota 55124.  Uponor denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court pursuant to 28 USC § 1332, as the parties are diverse in citizenship and the amount in controversy in this matter exceeds $75,000.00.

**ANSWER:**    The allegations of paragraph 4 are conclusions of law to which no response is required.  Answering further and to the extent the allegations are deemed allegations of fact, Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 4; and therefore, denies same and demands strict proof thereof.

5.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is situated in Denver County, Colorado.

**ANSWER:**    The allegations of paragraph 5 are conclusions of law to which no response is required.  To the extent the allegations are deemed allegations of fact, Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 5; and therefore, denies same and demands strict proof thereof.

## GENERAL ALLEGATIONS

6.    This case arises out of defective Uponor PEX pipes installed at the Subject Property.

**ANSWER:**    To the extent Plaintiff is able to prove the subject pipes were manufactured by Uponor, Uponor denies the PEX pipes were defective.

7.    In 2012, an extensive remodeling project was undertaken at the Subject Property by the Simpsons.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 7; and therefore, denies same and demands strict proof thereof.

8.    As part of the remodeling process, the Simpsons plumbing contractor, All American Plumbing, provided plumbing and pipe fitting services at the Subject Property.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 8; and therefore, denies same and demands strict proof thereof.

9.    All American Plumbing installed and utilized Uponor's PEX piping to carry water throughout the Subject Property.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 9; and therefore, denies same and demands strict proof thereof.

10.    Uponor manufactured and distributed the PEX piping throughout the United States, and specifically in Colorado.

**ANSWER:**    Uponor admits that it manufactures and distributes PEX piping.  Uponor is without sufficient knowledge to admit or deny that the subject piping in the subject property was manufactured by Uponor.  Uponor denies the remaining allegations of paragraph 10.

11.    At the time of the installation of the Uponor PEX piping at the Subject Property, Uponor advertised Uponor PEX as the highest quality PEX piping available, resistant to cracking and microcracking.

3

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 11; and therefore, denies same and demands strict proof thereof.

12.    Contrary to these affirmative statements, the PEX piping suffered from various design and manufacturing defects.

**ANSWER:**    Uponor is without sufficient knowledge to admit or deny that the subject piping in the subject property was manufactured by Uponor.  Answering further, to the extent Plaintiff is able to prove the subject pipes were manufactured by Uponor, Uponor denies the PEX pipes had any design or manufacturing defects.

13.    Upon information and belief, in 2021 Uponor recalled the PEX piping because of frequent cracking, leaking, and pipe bursts attributable to these design and manufacturing defects.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 13 to the extent that Plaintiff has not identified the type of PEX piping; and therefore, denies same and demands strict proof thereof.

14.    In or about October, 2023, and again in December of 2023, the Uponor PEX piping installed within the hot water lines at the Subject property cracked and leaked allowing water to escape the piping.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 14; and therefore, denies same and demands strict proof thereof.

15.    These leaks have caused substantial damage to the Subject Property.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 15; and therefore, denies same and demands strict proof thereof.

16.    On each occasion, the unforeseen leaks have forced the Simpsons to hire repair plumbers to repair and replace the affected PEX piping.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 16; and therefore, denies same and demands strict proof thereof.

17.    Because of the inherent defects discovered with respect to the PEX piping, continued repair of successive leaks was not an option for the Simpsons, and they needed to have all water lines replaced in the Subject Property.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 17; and therefore, denies same and demands strict proof thereof.

18.    At all times relevant, Berkley provided property insurance to the Simpsons under Policy No. HO04175155 ("the Policy").

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 18; and therefore, denies same and demands strict proof thereof.

19.    As a result of the issues related to, and damages caused by, the Uponor PEX piping, the Simpsons made a claim to Berkley pursuant to the Policy, and Berkley thereafter reimbursed its insureds for that claim.  The total amount paid to, or on behalf of, the Simpsons by Berkley in relation to the claim was $207,766.41.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 19; and therefore, denies same and demands strict proof thereof.

20.    By virtue and to the extent of Berkley's respective claim payment, and pursuant to common law principles of legal and equitable subrogation, Berkley is legally subrogated to the claims of the Simpsons against any responsible third-parties, including Uponor.

**ANSWER:**    Uponor is without sufficient knowledge to either admit or deny the allegations of paragraph 20; and therefore, denies same and demands strict proof thereof.  Answering further, the

allegations of this paragraph are conclusions of law to which no response is required. Uponor denies any liability.

### <u>COUNT I – STRICT PRODUCTS LIABILITY</u>

21. Plaintiff realleges and incorporates the preceding paragraphs of this Complaint as though set forth fully herein.

**<u>ANSWER</u>:** Uponor realleges and incorporates its answers to the preceding paragraphs of this Complaint as though fully set forth herein.

22. At all times, Uponor was in the business of manufacturing, marketing, and distributing Piping throughout the United States, including not limited to, Colorado.

**<u>ANSWER</u>:** Uponor admits that it manufactures, markets, and distributes PEX piping. Uponor denies the remaining allegations of paragraph 22.

23. There was a manufacturing defect in the Piping products when they left Uponor's possession and control. The products were defective because they were prone to leaking and breaking. The propensity for leaking and breaking was a condition of the products that rendered them unreasonably dangerous.

**<u>ANSWER</u>:** Uponor denies the allegations of paragraph 23.

24. There was a marketing defect in the defective Piping products when they left Uponor's possession and control. The products were defective because they were prone to leaking and breaking, and Uponor failed to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known. Uponor also failed to give adequate warnings and instructions to avoid such dangers. Uponor's failure to provide such warnings and instructions rendered the products unreasonably dangerous.

**ANSWER:**    Uponor denies the allegations of paragraph 24.

25.    Uponor's conduct was a direct, proximate, and producing cause of Plaintiff's damages set forth in this complaint.

**ANSWER:**    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed allegations of fact, Uponor denies the allegations.

26.    Uponor is strictly liable for manufacturing, distributing, and marketing defective and dangerous products and introducing them into the stream of commerce.

**ANSWER:**    The allegations of this paragraph are conclusions of law to which no response is required.  To the extent the allegations of this paragraph are deemed allegations of fact, Uponor denies the allegations.

### COUNT II - NEGLIGENCE

27.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint and Jury Demand as though set forth fully herein.

**ANSWER:**    Uponor realleges and incorporates its answers to the preceding paragraphs of this Complaint as though fully set forth herein.

28.    Uponor had a duty to the Simpsons, independent of any contractual duties, to manufacture, market, and supply products that were in a good and functional condition, free of defects, and fit for their intended purposes.

**ANSWER:**    The allegations of this paragraph are conclusions of law to which no response is required.

29.    Uponor breached these duties by manufacturing, marketing, and selling dysfunctional and defective PEX piping, unfit for its intended purposes.

**ANSWER:**    Uponor denies the allegations of paragraph 29.

30.    As a result of Uponor's breach of their duties, Plaintiff has suffered damages, including the cost to repair and replace the defective products, the cost of repair to other parts of the Subject Property caused by those repairs and replacements, and other damages to be proven at trial.

**ANSWER:**    Uponor denies the allegations of paragraph 30.

### COUNT III – BREACH OF IMPLIED WARRANTY

31.    Plaintiff realleges and incorporates the preceding paragraphs of this Complaint and Jury Demand as though set forth fully herein.

**ANSWER:**    Uponor realleges and incorporates its answers to the preceding paragraphs of this Complaint as though fully set forth herein.

32.    Uponor is a merchant that produces, manufactures, distributes, and markets construction and plumbing products to contractors, consumers, and end users.  The Simpsons were consumers and end users of Uponor products.

**ANSWER:**    Uponor admits that it manufactures, distributes, and markets plumbing products. Uponor denies the remaining allegations of paragraph 32.

33.    Uponor breached the implied warranty of merchantability by impliedly warranting that its products were of merchantable quality when they were not due to the deficiencies in the PEX piping when they were produced.  The Simpsons reasonably relied upon Uponor's skill and judgment as to whether the products were of merchantable quality.

**ANSWER:**    Uponor denies the allegations of paragraph 33.

34.    Uponor's conduct was a direct, proximate, and producing cause of Plaintiff's injuries and damages set forth below.

8

**ANSWER:**    Uponor denies the allegations of paragraph 34.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Uponor, Inc., denies that it owes Plaintiff any amounts whatsoever and demands that judgment be entered in its favor and against Plaintiff, plus its attorneys' fees, costs of defense, and such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSES

1.    The Complaint, and each separate claim alleged, fails to state a claim upon which relief can be granted against Uponor.

2.    The Complaint, and/or each separate claim alleged, is barred by the statute of limitations.

3.    The Complaint, and/or each separate claim alleged, is barred by the statute of repose.

4.    The Complaint fails to allege facts sufficient to establish that Uponor manufactured the product in question.

5.    Any injury or damage allegedly sustained by Plaintiff was caused or contributed to by the negligence of persons, firms, corporations, municipalities, or entities other than Uponor, and such negligence of third parties bars Plaintiff's recovery or comparatively reduces the percentage of fault, if any, of Uponor.

6.    Any injury or damage allegedly sustained by Plaintiff was directly and proximately caused by the superseding, intervening acts and/or omissions of other yet to be named defendants and/or third parties over whom Uponor had no control and for whom Uponor is neither responsible or liable.

7.    Any injury or damage allegedly sustained by Plaintiff was legally and proximately caused or contributed to by the negligence, comparative fault, assumption of risk, consent, negligence per se, or other culpable conduct of Plaintiff's insureds, and such negligence bars Plaintiff's recovery or comparatively reduces the amount of damages, if any, that Plaintiff may recover against Uponor pursuant to C.R.S. § 13-21-406 and/or C.R.S. § 13-21-111.

8.    There is no proximate cause between any alleged act, omission, or breach of duty by Uponor and Plaintiff's purported damages, injuries, or losses, if any.

9.    The product in question is presumed free from defect pursuant to C.R.S. § 13-21-403 by virtue of Uponor's compliance with industry standards, the state of the art and/or any applicable government codes, standards, or regulations.

10.    If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, any fault assessed against Uponor, must be reduced by said percentage, pursuant to C.R.S. § 13-21-111.5 and C.R.S. § 13-21-406.

11.    Any damages allegedly sustained by Plaintiff is subject to the requirements of C.R.S. § 13-21-111.6, as amended, providing for the reduction of damages for payment from a collateral source, and/or Uponor is entitled to a set off.

12.    Plaintiff's claims for non-economic damages are subject to the limitations set forth in C.R.S. § 13-21-102.5.

13.    Plaintiff may have failed to mitigate its damages.

14.    Plaintiff's claims may be barred by setoff or release.

15.    Plaintiff's claims may be barred by spoliation of evidence.

16.    Plaintiff assumed the risk of its damages.

17.    Uponor did not breach any duty owed to Plaintiff.

18.     Plaintiff's claims for relief must be dismissed in whole or in part by the economic loss rule.

19.     Plaintiff's damages, if any, may be barred or reduced by the doctrine of misuse, change or modification of the product pursuant to C.R.S. § 13-21-402.5 and applicable Colorado law.

20.     Uponor reserves the right to submit issues of comparative causation, comparative fault, and comparative responsibility against other yet to be named parties, and designated non-parties to this suit.

21.     If Plaintiff settles its cause of action with any yet to be named party or any alleged tortfeasor, then Uponor is entitled to a credit for the sum of the dollar amounts of all settlements or to a percent of credit for the sum of the dollar amounts of all settlements or to a percent credit according to the percentage of causation, negligence, or responsibility allocated to the settling party or tortfeasor as provided by statutory and common law.

22.     Plaintiff may have failed to join an indispensable party to this action.

23.     Plaintiff's claims may be barred, in whole or in part, because the product allegedly involved in this matter was not in the same condition at the time of the incident alleged as when the product originally left the custody of Uponor.

24.     Uponor is entitled to the terms, conditions, and provisions of the Colorado Product Liability Act, C.R.S. § 13-21-401, *et seq*., including but not limited to the presumptions contained in C.R.S. § 13-21-403.

25.     Plaintiff's claims may be barred, in whole or in part, by the spoliation of evidence or the destruction or alteration of material evidence.  Alternatively, Uponor reserves the right to seek an adverse inference instruction based on the destruction or alteration of material evidence.

11

Case No. 1:25-cv-01097-GPG-STV    Document 12    filed 05/30/25    USDC Colorado
pg 12 of 12

26.     Uponor reserves the right to amend its Answer and Affirmative Defenses.

WHEREFORE, Defendant, Uponor, Inc., denies that it owes Plaintiff any amounts whatsoever and demands that judgment be entered in its favor and against Plaintiff, plus its attorneys' fees, costs of defense, and such other and further relief as the Court deems just.

## JURY DEMAND

Uponor hereby demands a trial by jury on all issues so triable.

Respectfully submitted on May 30, 2025.

/s/ Michael J. Decker
Michael J. Decker, Esq.
Eric M. Lee, Esq.
Murphy & Decker, P.C.
730 17th Street, Suite 925
Denver, Colorado 80202
Tel:  (303) 468-5980
Email:  mdecker@murphydecker.com
elee@murphydecker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Keith P. Ray, Esq.
The Ray Law Firm, LLC
6860 S. Yosemite Court, Suite 2000
Centennial, Colorado 80112
Tel:  (303) 991-2220
keith@theraylawfirm.com

Brian T. Bailey, Esq.
Nielsen Zehe & Antas, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
Tel:  (312) 635-1842
bbailey@nzalaw.com

*Attorneys for Plaintiff*

/s/ Michael J. Decker

12